IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL JEROME LITTLES (#047123),
a/k/a MICHAEL JEROME LITTLE,
a/k/a MICHAEL LITTLE,
    Plaintiff,

vs.                                                 Case No. 3:11cv265/RV/EMT

EDWIN BUSS,
    Defendant.
_____/

## ORDER, REPORT AND RECOMMENDATION

       Plaintiff, an inmate in the Florida Department of Corrections ("FDOC") proceeding pro se, initiated this action on May 9, 2011, by filing a civil rights complaint in the United States District Court for the Middle District of Florida, Case No. 8:11cv01015, alleging retaliation by correctional officers (doc. 1). The Middle District transferred the case to this District (doc. 4). The matter of the filing fee had not been addressed; therefore, this court issued an order instructing Plaintiff to pay the filing fee or submit a fully completed motion to proceed in forma pauperis (doc. 6). Plaintiff has now filed a motion to proceed in forma pauperis (doc. 7).

       Plaintiff names Edwin Buss, Secretary of the FDOC, as the sole Defendant in this action (doc. 1). He alleges correctional officers and an inmate law clerk at Santa Rosa Correctional Institution ("SRCI") stole his legal documents by failing to return them to his after he sent them to the inmate law clerk for processing (*id.*). He states the officers then applied chemical agent when he complained about it (*id.*). He states his documents were returned to him after his attorney became involved (*id.*). Plaintiff alleges the same thing occurred on April 12, 2011, when Officer Shell took his legal documents to deliver to the inmate law clerk, but the law clerk never returned them (*id.*). Plaintiff additionally states Sergeant Stokes, Officer Kilgor, and Officer Kosonavich kicked his cell door in an effort to provoke him, so they would have a reason to "gas" him or place him on strip cell

status (*id.*). Plaintiff requests an injunction enjoining Sergeant Quinn, Officer Kilgor, Officer Kosonavich, Sergeant Germain, Sergeant Stokes, and Officer Roberts from having contact with him (*id.*).

> Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The court takes judicial notice of one case previously filed by Plaintiff in the United States District Court for the Middle District of Florida, Little v. Carter, Case No. 3:03cv25/TJC, which was dismissed by the district court on March 24, 2003, for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, Plaintiff previously filed two cases in the Northern District, Little v. Ellis, Case No. 3:07cv464/MCR/MD and Little v. R. Tift, Case No. 3:10cv117/MCR/EMT, both of which were previously dismissed by the district court as malicious, pursuant to § 1915(e)(2)(B)(i). Plaintiff was incarcerated at the time of filing each of those cases.[1]

In the instant case, Plaintiff is clearly still a prisoner, and the instant civil rights action concerns the conditions of his confinement. Furthermore, his three prior cases, identified *supra*, qualify as "strikes" under § 1915(g). Therefore, the issue before the court is whether Plaintiff qualifies under the "imminent danger of serious physical injury" exception and is thus entitled to proceed in forma pauperis.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical

---

[1] The inmate number of the plaintiff in those cases (#047123) is the same as Plaintiff's.

injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true.  *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").  Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed.  *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury.  Plaintiff has not shown that any of the incidents of which he complains present an existing threat of serious physical injury to him.  Because the facts do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does not qualify under the imminent danger exception to § 1915(g).  Accordingly, he may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 7) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 11th day of July 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only**. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636**; United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988)**.